CLD-112                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-3267
_____

UNITED STATES OF AMERICA

v.

KEVINO GRAHAM,
                                        Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2:14-cr-00623-001)
District Judge:  Honorable Cynthia M. Rufe

_____

Submitted by the Clerk for Possible Dismissal Due to Untimely Filing, and on the
Government's Motion to Dismiss or for Summary Affirmance
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 27, 2025

Before: KRAUSE, PHIPPS, and SCIRICA, <u>Circuit Judges</u>

(Opinion filed: April 25, 2025)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Kevino Graham appeals the denial of his motion for compassionate release.  The Government has filed a motion for summary affirmance.  For the reasons that follow, we will grant the motion.

In 2017, Graham was sentenced to 100 years in prison after being convicted of sex trafficking by force, in violation of 18 U.S.C. §§ 1591 and 1594.  We affirmed his conviction and sentence on appeal, see C.A. 17-3593, and denied a certificate of appealability after the denial of Graham's motion filed pursuant to 28 U.S.C. § 2255, see C.A. No. 20-1631.  Graham has since filed multiple additional unsuccessful post-conviction motions challenging his underlying conviction.

In September 2024, Graham filed a motion for compassionate release "Pursuant to 'New' Amended Provision § 3582(c)(1) and 1b1.13(b)(6)," arguing that a change in the law constituted an extraordinary and compelling reason warranting a sentence reduction. D.Ct. ECF No. 668 at 1, see also U.S.S.G. § 1B1.13(b)(6).  The District Court denied the motion.  Graham appeals, and the Government moves to summarily affirm the order of the District Court.[1]

We have jurisdiction pursuant to 28 U.S.C. § 1291.  We review a District Court's order denying a motion for compassionate release for an abuse of discretion and will not disturb that decision unless the District Court "committed a clear error of judgment." United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020).  We may summarily

---

[1] The Government also moved to dismiss the appeal as untimely.  Because the timeliness of Graham's notice of appeal is unclear, we decline to do so.

affirm a District Court's decision if the appeal fails to present a substantial question.  See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

Pursuant to 18 U.S.C. § 3582(c)(1)(A), a District Court may reduce a sentence if, inter alia, "extraordinary and compelling reasons warrant such a reduction."  Graham's motion relied upon a November 2023 update to Section 1B1.13(b)(6) of the Sentencing Guidelines.  Under that provision, certain nonretroactive changes in the law may be considered in determining whether a defendant has presented an extraordinary and compelling reason for a sentence reduction where, inter alia, "(1) a defendant received an unusually long sentence, (2) the defendant has served at least 10 years of the term of imprisonment, [and] (3) an intervening law change has produced a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed."  United States v. Rutherford, 120 F.4th 360, 367 (3d Cir. 2024) (quoting U.S.S.G. § 1B1.13(b)(6)) (internal quotation marks and alterations omitted).  "Notably, because (b)(6) states that changes in law *may* (not must) be considered, judges are not required to consider a change in law when determining a prisoner's eligibility for compassionate release."  Id. (emphasis in original).

Graham argued that he was entitled to relief pursuant to this provision because, in 2007, the Sentencing Commission "amended section 208 of the Adam Walsh Child Protection and Safety Act, and added it's [sic] own provision regarding sex trafficking of adults."  D.Ct. ECF No. 668 at 1 (emphasis omitted).  Graham asserted that this constituted an "unsanctioned change in law" that erroneously increased his base offense

level from 14 to 24, and that if sentenced today "based on the 'actual' section '208,'" he would receive a drastically lower sentence. Id. at 2.

Even assuming any merit to Graham's assertions, we agree with the District Court that the 2007 amendment to the Sentencing Guidelines does not constitute an extraordinary or compelling reason to justify a sentence reduction. Notably, Graham has not shown any intervening change in the law since the imposition of his sentence that would produce a gross sentencing disparity. See Rutherford, 120 F.4th at 367. Graham's trial, conviction, and sentencing all took place after the 2007 amendments he asserts constitute a change in the law. Furthermore, we agree with the Government, see D.Ct. ECF No. 669 at 1-2, that Graham's motion is actually another attempt to challenge his conviction and sentence, which must be presented under 28 U.S.C. § 2255 and subject to that statute's limitations on successive filings.

As the District Court clearly did not abuse its discretion in denying Graham's motion for compassionate release, the appeal does not present a substantial question. Accordingly, we grant the Government's motion for summary action and will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

4